## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| LICE LIFTERS, LLC, et al. | : | CIVIL ACTION |
|                Plaintiffs, | : | |
| | : | |
|        v. | : | No. 12-5777 |
| | : | |
| MICHELE BARRACK, et al. | : | |
|                Defendants. | : | |
| _____ | : | |

**Goldberg, J.**                                                                                       **May 7,  2013**

### Memorandum Opinion

In this business dispute, Plaintiff, Ilene Steinberg claims that her partner, Michele Barrack, attempted to deprive her of her intellectual property and other interests in their business, Lice Lifters, LLC ("Lice Lifters"). Plaintiff also asserts that Lice Lifters' attorneys, Michael J. Barrie, Esquire ("Barrie") of the law firm of Benesch, Friedlander, Coplan & Arnoff, LLP (the "Benesch Firm") (together "Defendants"), breached their fiduciary duties by representing Barrack's personal interests.

There are presently three motions pending before the Court.  First, Plaintiff has moved to dismiss her claims against Barrack with prejudice.  (Doc. No. 37.)  Second, consistent with that motion, Plaintiff has moved for leave to amend her complaint to assert only a claim for breach of fiduciary duty against Barrie and the Benesch Firm, effectively withdrawing all of her other claims.  (Doc No. 41.)  Defendants Barrie and the Benesch Firm have also filed a motion to dismiss, arguing that this Court is without subject matter jurisdiction over Plaintiff's breach of fiduciary duty claim, and, in the alternative, that the claim fails as a matter of law.  (Doc No. 25.) For the same reasons, Defendants oppose Plaintiff's request to file an amended complaint as futile.  (Doc. No. 42.)

Initially, we note that Plaintiff's motion to voluntarily dismiss the claims against Barrack, which follows an out-of-court resolution of the dispute between those parties, is unopposed and will be granted pursuant to Federal Rule of Civil Procedure 41(a). With regard to Plaintiff's remaining claim against Barrie and the Benesch Firm, we agree with Defendants that the Court lacks subject matter jurisdiction over this claim. Accordingly, Defendants' motion to dismiss will be granted, and Plaintiff's request to amend her complaint will be denied as futile.

## I. Background

Sometime prior to 2011, Steinberg invented a solution and process to remove head lice, which eventually became the subject of U.S. Patent Application Publication No. 2012/0093949. (2d Am. Compl. ¶ 6.) Barrack approached Steinberg about entering a business relationship, the principal asset being lice removal product and services. (Id. ¶ 8.) Steinberg agreed and the two created Lice Lifters, a Pennsylvania limited liability company that provided lice removal services through franchised service centers. (Id. ¶ 9.)

In September 2011, Barrack retained Defendants Barrie and the Benesch Firm to represent Lice Lifters, and provide general corporate advice as well as intellectual property support. (Id. ¶ 12.) Defendants received access to confidential and proprietary information, and worked with Steinberg to file and prosecute a patent application before the United States Patent and Trademark Office ("USPTO"). On October 13, 2011, Steinberg signed a "Declaration and Power of Attorney," authorizing the Benesch Firm to represent her before the USPTO.

Plaintiff alleges that from the time of their initial engagement through December 18, 2012, Defendants conducted themselves in a manner designed to promote Barrack's personal interests over Steinberg's and the business'. (Id. ¶ 16.) On August 1, 2012, Steinberg, in her capacity as CEO, instructed Barrie to cease all work on behalf of Lice Lifters. (Id. ¶ 21.) Barrie

acknowledged Steinberg's request and agreed to comply. (Id. ¶ 22.) Plaintiff alleges that instead of withdrawing as counsel, Barrie continued to work on behalf of Lice Lifters with guidance from Barrack. Specifically, Plaintiff claims Defendants helped Barrack form a Lice Lifters franchise in Florida without her knowledge or consent, falsely represented themselves as equal advisors during meetings concerning a potential buyout of Steinberg's interest in Lice Lifters, and, in the Fall of 2012, filed a lawsuit on Barrack's behalf, and purportedly on behalf of Lice Lifters, against Steinberg in the Montgomery Court of Common Pleas. (Id. ¶¶ 23-29.)

On October 10, 2012, Ilene Steinberg commenced this federal action by filing a complaint against Defendants Michele Barrack, her husband, Lice Lifters of Florida, Barrie and the Benesch Firm. Lice Lifters, LLC and Lice Lifters Franchising, LLC were also named as Plaintiffs in this action. The complaint stated claims against Barrack for breach of contract, related state-law claims, and trademark and copyright violations. Steinberg also asserted a claim against Barrie and the Benesch Firm for breach of fiduciary duty. (Compl., Doc. No. 1.)

Following negotiations, on December 18, 2012, Steinberg and Barrack resolved all the disputes between them. The following day, Steinberg filed a motion to voluntarily dismiss her claims against Barrack, stating that she wished to proceed only with her breach of fiduciary duty claim against Barrie and the Benesch Firm. Defendants respond that this Court lacks subject matter jurisdiction over this claim because it is, in essence, a state-law claim for legal malpractice. Plaintiff disagrees and argues that jurisdiction exists because her claim arises under the Code of Federal Regulations ("CFR"), which govern attorneys' conduct before the USPTO.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party seeking to amend its pleading after responsive pleadings have been filed may do so "only by leave of court or by written consent of

the adverse party." FED. R. CIV. P. 15(a). Generally, leave to amend a complaint should freely be given; however, the court may deny leave if the amendment would be futile, in bad faith or inequitable. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). An amendment is futile if it does not cure a defect in the original complaint, for example by advancing a claim or defense that would not survive a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

Accordingly, the standard for assessing futility is identical to the motion to dismiss standard. The court must accept the facts pleaded in the complaint, including "facts alleged on information and belief," as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000); Melo-Sonics Corp. v. Cropp,, 342 F.2d 856, 859 (3d Cir. 1965). To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id.

## III. Discussion

Federal courts have limited jurisdiction and possess only the power to adjudicate matters authorized by the Constitution or federal statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Congress has authorized federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808-809 (1988).

In the normal case, a claim arises under federal law where federal law creates the cause of action.  See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9 (1983). However, the United States Supreme Court has also identified a "special and small category" of claims which arise under federal law even though they find their origins in state rather than federal law.  Empire Health Choice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). State-law claims fall within this "special and small category" only where they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn v. Minton, 133 S.Ct. 1059, 1065 (2013) (citing Garble, 545 U.S. at 313-14).

Here, Plaintiff admits that the CFR does not create a private cause of action. Nonetheless, she argues that her breach of fiduciary duty claim "arises under" federal patent law because provisions of the CFR govern the standards of attorney conduct before the USPTO. Defendants correctly note, however, that the provisions of the CFR identified by Steinberg merely incorporate state law attorney ethics standards.  They therefore argue that Steinberg's claim does not raise a substantial issue of federal law, and is essentially a state-law legal malpractice claim.

Just this term, the United States Supreme Court in Gunn v. Minton, 133 S.Ct. 1059 (2013), provided guidance on assessing whether a state-law claim that implicates federal patent

law falls within the "special and small category" of state claims that "arise under" federal law. In <u>Gunn</u>, the Supreme Court considered whether there was federal jurisdiction over a state-law legal malpractice claim that was based upon an attorney's failure to argue the applicability of the "experimental use doctrine"[1] during a patent infringement suit. <u>Id.</u> at 1063. In concluding that the federal issue raised by the state-law claim was not "substantial," the Supreme Court reasoned that the state court's determination of the patent issue, <u>i.e.</u>, the success of the "experimental use" exception, would only have significance to the parties of the case, and would not have any broader effect on patent law. <u>Id.</u> at 1067 ("No matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation.").

Here, as in <u>Gunn</u>, the federal issue implicated by Steinberg's state law claim for breach of fiduciary duty is not a "substantial" one, and her claim does not arise under federal patent law.[2] <u>See</u> <u>id.</u> at 1065 ("we are comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of §1338(a)"). Like the claim in <u>Gunn</u>, Plaintiff's cause of action is one of state-law malpractice that tangentially implicates an issue of federal law. Indeed, the federal issue implicated in this case is even less substantial than the one addressed in <u>Gunn</u> in that the provisions of the CFR relied upon by Plaintiff merely incorporate common state-law duties that an attorney owes to a

---

[1] The "experimental use doctrine" provides that the "on sale bar" will not invalidate a patent where "the sale was primarily for experimentation rather than commercial gain." <u>Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of General Elec. Co.</u>, 417 F.3d 1203, 1210 (Fed. Cir. 2005).

[2] We also have serious doubt about whether Plaintiff's claim raises a "necessary" federal issue. Plaintiff is correct that the standards of practice before the USPTO are codified in the CFR, and are considered to be federal patent law. <u>Carter v. ALK Holdings, Inc.</u>, 605 F.3d 1319 (Fed Cir. 2010). However, because the CFR merely incorporates state-law ethical standards, Plaintiff's claim could be decided without examining Defendants' compliance with the CFR.

client.  See 37 C.F.R. §§ 10.87 (Communicating With a Represented Party), 10.66 (Conflict of Interest), 10.40 (Withdrawal).

Further, to the extent resolution of a federal issue will be required, the inquiry would be fact-specific and relevant only to the parties.  The principal issue raised by Plaintiff's claim is a factual one—whether Defendants breached their duties as attorneys through their conduct before the USPTO.  Resolution of this fact-specific inquiry is obviously important to the parties, but is of little "importance . . . to the federal system as a whole." Id. at 1066.  "Such 'fact-bound and situation specific' effects are not sufficient to establish federal arising under jurisdiction." Id. at 1068 (quoting Empire Health Choice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006)).

## IV.    Conclusion

In light of the settlement of Plaintiff's claims against Barrack, the Court is without subject matter jurisdiction over Plaintiff's remaining state-law breach of fiduciary duty claim against Barrie and the Benesch Firm. Plaintiff's reliance upon provisions of the CFR is insufficient to establish arising under jurisdiction.

Our Order follows.